IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| MELBA L. LANDON, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 04-571-S-MHW |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| JO ANNE B. BARNHART, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Respondent. | ) | |

## Introduction

Currently before the Court for its consideration is Melba L. Landon's ("Petitioner")

request for judicial review (Docket No. 1) of the Respondent's denial of social security disability

benefits, filed November 15, 2004.[1]  Petitioner brought this action pursuant to the Social Security

Act (Act), as amended, 42 U.S.C. § 405(g).  The Court has reviewed the Petition for Review and

the Answer, the parties' memorandums, the administrative record ("AR") and has determined

---

[1]  The Court would like to apologize to the parties for the dely in responding to Petitioner's request for judicial review.  As the parties are probably well aware, such delay is not a common practice of the Court.  However, due to the fact this case was initially assigned to the District Judge as opposed to a Magistrate Judge this case was not brought to the attention of this Court until the summer of 2006.  The District Judge properly assumed that this case was being reported on the Magistrate Judge's pending case report, when it was not.  Regardless of the miscommunication, the Court apologizes for the delay.

**Memorandum Decision and Order - Page 1**

that the decision of the Commissioner will be affirmed.

# I.
# Background

## A.   Administrative Proceedings.

Prior to the current application for disability benefits, Petitioner filed an application for Disability Insurance Benefits and Supplemental Social Security Income on November 12, 1998. (AR 67.) This application was initially denied on March 1, 1999 and again upon reconsideration dated June 7, 1999. (AR 69, 78.) Petitioner requested and participated in a hearing before an Administrative Law Judge on March 9, 2000, which also ended in a denial of her benefits. (AR 33.) On November 9, 2000, the Commissioner of Social Security chose not to review her case and the ALJ's decision became the final decision of the Commissioner. (AR 110.) At that time, Petitioner chose not to appeal the decision further.

Currently before the Court is a request for judicial review stemming from the denial of Petitioner's second application for disability benefits filed on March 28, 2001. (AR 330.) Petitioner's claim was initially denied on October 12, 2001 and again upon reconsideration on March 14, 2002. (AR 311, 300.) Petitioner retained the law firm of Bradford D. Myler to represent her and at the hearing was represented by Jake Bernhardt from that office, a non-lawyer. (AR 28.) After a timely request for a hearing was filed on April 15, 2002 (AR 296), Petitioner appeared and testified before Administrative Law Judge ("ALJ") Robin L. Henrie on May 8, 2003. (AR 514-52.) Vocational expert, James Grisson, also appeared and testified. (AR 514-52.)

ALJ Henrie considered the testimony and all other evidence of record and on June 13, 2003, issued a decision finding Petitioner not disabled within the meaning of the Act and not

entitled to disability insurance benefits or supplemental social security income.  (AR 15-27.)
This became the final decision of the Commissioner when the Appeals Council declined to
review the ALJ's decision on September 20, 2004 (AR 7.)  Petitioner has exhausted all
administrative remedies and is seeking judicial review pursuant to Section 405(g) of the Social
Security Act.

**B.      Statement of Facts.**

Petitioner was born on September 9, 1956, and was 47 years old at the time of the hearing
before the ALJ.  (AR 67.)  The Petitioner has an eleventh-grade education and her past work
experience includes employment as a lab technician and deli worker.  (AR 19.)  Petitioner has
satisfied the insured status requirement under Title II of the Social Security Act and is insured
for disability benefits through March 31, 2002.  (AR 19.)

Petitioner alleges that she became disabled on March 10, 2000 and cannot work due to
headaches, neck pain, and fibromyalgia.  (AR 19.)   Petitioner asserts these conditions arose out
of a work related accident that occurred on March 8, 1994 when a co-worker fell on her from a
height of about five feet.  (AR 213-23.)  Since the accident, Petitioner's principal complaints
relate to the pain and nausea she experiences from headaches and neck pain.

On October 24, 1994, Petitioner was admitted to Bingham Memorial Hospital
complaining of a persistent severe headache, nausea, and vomiting.  (AR 173-182.)  Various
tests were performed including a CT scan, which suggested a "left internal carotid artery
bifurcation aneurysm."  (AR 174.)  On December 15, 1994, Petitioner was admitted to the
hospital to undergo a right frontal temporal craniotomy.  (AR 184.)  This procedure was
complicated by a small stroke, and Petitioner has continued to complain of headaches and neck

**Memorandum Decision and Order - Page 3**

pain, which she attributes to her work injury. (AR 224).

Petitioner also has a history of mental illness and suffers from depression. (AR 237.) This condition has been controlled relatively well with antidepressant medication. (AR 252.)

Since the onset of her injuries through the time of Petitioner's hearing before the ALJ, she has made numerous visits or phone calls to her doctors complaining of migraine headaches and nausea. (AR 213-23.) She had received various treatments and prescriptions for medications, but she claims that nothing has been effective and that she still suffers from everyday headaches of varying degrees. (AR 377-78.)

On December 4, 1996, Petitioner was examined by Dr. Walker, who determined that the level of her impairment was 3%. (AR 224-30.) Dr. Walker noted that Petitioner's "subjective complaints . . . outweigh any objective findings, and suggest amplification of symptoms on a conscious or unconscious basis." (AR 226.) Doctors Margaret Wagner and Betty Ball also opined that Petitioner's claims of pain were excessive. (AR 242, 390.) Despite the consistent allegations of disabling pain from Petitioner's headaches, doctors have not been able to find objective medical evidence to show the cause of the headaches. (AR 380.)

On May 8, 2003, at her hearing before the ALJ, Petitioner testified that she has a constant headache everyday despite taking pain medication. (AR 539.) Petitioner testified that her medications do not always last for the prescribed time period because of the severe pain she feels. (AR 539.) Petitioner testified that she has such severe pain that she blacks out and collapses two to three times per week. (AR 540.) She stated that these black outs are getting worse and more frequent with the passage of time. (AR 541.) Petitioner also testified that the pain is significant enough to cause nausea three or four days per week. (AR 543.)

**Memorandum Decision and Order - Page 4**

**II.**
**Findings of the Administrative Law Judge**

In the administrative decision (AR 15-27) issued on June 13, 2003, the ALJ made

specific findings as follows:

1.    The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through March 31, 2002.

2.    The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3.    The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 C.F.R. §§ 404.1520(b) and 416.920(b).

4.    These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5.    The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6.    The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 C.F.R. §§ 404.1527 and 416.927).

7.    The claimant has the residual functional capacity to perform the full range of sedentary unskilled work, except that such work could not require any of the additional limitations outlined in the body of this decision.

8.    The claimant is unable to perform any of her past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

9.    The claimant is a "younger individual" (20 C.F.R. §§ 404.1563 and 416.963).

10.   The claimant has "a limited education" (20 C.F.R. §§ 404.1564 and 416.964).

11.   The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 C.F.R. §§ 404.1568 and 416.968).

12.   The claimant has the residual capacity to perform a significant range of sedentary

work (20 C.F.R. § 416.967).

13.   Although the claimant's exertional limitations do not allow her to perform the full range of sedentary work, using Medical-Vocational Rule 201.19 as a framework for decision-making, there are significant number of jobs in the national economy that she could perform. Examples of such jobs include work at sedentary exertional level, unskilled jobs such as the food and beverage order clerk (D.O.T. 209.567-014), for which there are 70,000 jobs existing in the national economy; a dowel inspector (D.O.T. 669.687-014) for which there are 5,000 to 10,000 jobs existing in the national economy; a cutter and paster (D.O.T. 249.587-014) for which there are 20,000 jobs existing in the national economy and an addressor (D.O.T. 209.587-010) for which there are 20,000 jobs existing in the national economy.  However, availability of the food and beverage clerk job would be reduced by 40-50% to accommodate the claimant's unique limitations. Additionally, the availability of the addressor job would be reduced by 50%.

14.   The claimant was not under "disability," as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. §§ 404.1520(f) and 416.920(f)).

## III.
## Standard of Review

The Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Fitch*, 438 F.2d 920, 921 (9th Cir. 1971).  An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Social Security Commissioner if the decision is supported by substantial evidence and is not the product of legal

error.  42 U.S.C. § 405(g); *Universal Camera Corp. v. National Labor Relations Board*, 340 U.S. 474 (1951); *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); and *DeLorme v. Sullivan,* 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  It is more than a scintilla but less than a preponderance, *Jamerson v Chater,* 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence."  *Pierce v. Underwood*, 487 U.S. 552 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist which supports the petitioner's claims.  42 U.S.C. § 405(g); and *Flaten v. Sec'y of Health and Human Services*, 44 F.3d 1453, 1457 (9th Cir. 1995).   Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive.  *Id.*  It is well-settled that if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner."  *Verduzco v. Apfel,* 188 F.3d 1087, 1089 (9th Cir. 1999).

In reviewing a case under the substantial evidence standard, the Court may question an ALJ's credibility assessment of a witness's testimony; however, an ALJ's credibility assessment is entitled to great weight, and the ALJ may disregard self-serving statements.  *Rashad v. Sullivan*, 903 F.2d 1229 (9th Cir. 1990).  Where the ALJ makes a careful consideration of subjective complaints but provides adequate reasons for rejecting them, the ALJ's well-settled role as the judge of credibility will be upheld as based on substantial evidence.  *Matthews v.*

**Memorandum Decision and Order - Page 7**

*Shalala*, 10 F.3d 678 (9th Cir. 1993).

The Social Security Commissioner has established a five-step evaluation process in order to determine whether a person is disabled for purposes of awarding disability benefits.  20 C.F.R. §§ 404.1520, 416.920 (1996)*; Lester v. Chater,* 81 F.3d 821, 828 n. 5 (9th Cir. 1995); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  First, the Commissioner determines whether the claimant is engaged in substantial gainful activity.  If the claimant is engaged in such activity, disability benefits are denied.  20 C.F.R. §§ 404.1520(b), 416.920(b).   The ALJ determined that the Petitioner was not engaged in any substantial gainful activity.  (AR 26.)

The Commissioner then proceeds to the second step to determine whether the claimant has a medically severe impairment or combination of impairments.  A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1520(c), 416.920(c), 404.1529(d)(1); and 416.929(d)(1).  If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied.   The ALJ here found that Petitioner's combination of impairments more than minimally limited the Petitioner's ability to engage in basic work activities and did constitute a severe impairment.  (AR 26.)

The impairment being severe, the Commissioner proceeds to the third step of the evaluation process to determine whether the claimant has an impairment which meets or equals those contained in the Listing of Impairments found in Appendix 1, Subpart P, Regulation No. 4.  20 C.F.R. §§ 404.1520(d); 416.920(e).  Appendix 1 contains a list of impairments which would prevent a person from engaging in substantial gainful employment.  If a claimant can show he or she is limited by such an impairment, disability is presumed.   In this case, the ALJ determined

**Memorandum Decision and Order - Page 8**

that Petitioner did not possess the findings upon examination which are required in order for disability to be predicated on medical considerations alone.  (AR 26.)

If the impairment is not one that is presumed to be disabling, then the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from performing work which the claimant previously performed, i.e. whether the claimant has sufficient residual functional capacity to tolerate the demands of any past relevant work.  If the claimant is able to perform past work, a finding of "not disabled" is made and disability benefits are denied.  20 C.F.R. §§ 404.1520(e), 416.920(e).  In the instant case, the ALJ determined from the evidence and testimony that the Petitioner did not retain the residual functional capacity to perform any past relevant work.  (AR 26.)

Finally, at step five the burden shifts to the Commissioner "to show that, taking into account a claimant's age, education, and vocational background, she can perform any substantial gainful work in the national economy."  *Pinto v. Massanari,* 249 F.3d 840, 844 (9th Cir. 2001); 20 C.F.R. §§ 404.1520(f), 416.920(f).  The ALJ can meet this burden by proposing a hypothetical question to a vocational expert that reflects all of a claimant's limitations.  *Roberts v. Shalala,* 66 F.3d 179, 184 (9th Cir. 1995).

In the present case, the ALJ posed a series of hypotheticals questions to the vocational expert, James Grisson.  (AR 546-550.)  In the hypotheticals, the ALJ asked the expert to assume that an individual was of the same age and educational background as Petitioner and had the ability to perform a limited range of sedentary unskilled work.  (AR 547.) The ALJ stated that this work must be limited to:  lifting in the range of eight and one half to ten pounds, standing and walking for about fifteen to twenty minutes at a time for about two to three hours in an eight

hour day, sitting for thirty to forty-five minutes at a time for five to six hours in an eight hour day, and occasionally a sit/stand at will option.  (AR 547.)  In addition, the work would need to have low concentration, production, memory, and stress levels.  (AR 547.)  Based upon the hypotheticals, the expert testified that jobs in the nation economy did exist and could be performed by someone with Petitioner's limitations.  (AR 548.)  The vocational expert gave the following examples: cutter/paster, dowel inspector, and a food/beverage order clerk.  (AR 549.)

The ALJ posed a final question to the vocational expert taking into consideration Petitioner's allegations of pain.  (AR 549.)  The ALJ asked the vocational expert to amend the limitations discussed above to include "significant pain and fatigue on the job, a lot of nausea, vomiting, diarrhea and related pain and fatigue symptoms" such that the standard breaks and lunch would not be sufficient for the worker.  (AR 549-50.)  Considering the above mentioned limitations, the vocational expert testified that the existing jobs would not tolerate such limitations.  (AR 550.)  However, it was up to the ALJ to determine if the evidence in the record supported these limitations, which was based primarily on Petitioner's own testimony.

The ALJ rejected Petitioner's testimony regarding the severity of her symptoms and determined that Petitioner was able to perform a limited range of light, unskilled sedentary work. (AR 27.)  On that basis, the ALJ determined that Petitioner was not disabled within the meaning of the Act.  (AR 28.)

### IV.
### Issues Raised

The primary issue before the Court is whether the final decision of the Secretary is supported by substantial evidence and whether it is based on proper legal standards.  *Matney ex rel. Matney v. Sullivan,* 981 F.2d 1016, 1019 (9th Cir. 1992).  Petitioner contends that the ALJ

**Memorandum Decision and Order - Page 10**

erred in the following respects:

> 1)      The ALJ erred by failing to determine or by ignoring that Petitioner's headaches are a severe impairment.
>
> 2)      The ALJ erred by failing to state the reasons for rejecting parts of Petitioner's testimony regarding her limitations.
>
> 3)      The case should be remanded due to the later conflicting decision by the Commissioner awarding Petitioner Supplemental Security Income ("SSI").

The Court will take each argument in order.

## V.
## Discussion

**A.      The ALJ failed to determine that Petitioner's headaches are a severe impairment.**

Petitioner argues that the ALJ erred by ignoring her complaints of headaches and failing to find that they were a severe impairment.  The ALJ specifically determined that the combination of Petitioner's impairments were considered severe.  (AR 26.)  While headaches were not specifically mentioned in the ALJ's Findings along with osteoarthrosis and allied disorders, Petitioner's headaches were discussed and included in the ALJ's evaluation. (AR 21-23.)

Petitioner claims that the ALJ ignored medical evidence concerning her headaches and failed to give them significant attention in his decision.  The Court agrees that Petitioner's chief complaint throughout the record is that she suffers from severe headaches.  However, complaints of pain are not objective medical evidence by themselves.  While complaints of pain must be addressed by the ALJ, they are not considered objective medical evidence.  The underlying muscle spasms may have been a factor in causing her headaches, but the spasms were not conclusively determined to be causing headaches to the degree described by Petitioner.  It is

**Memorandum Decision and Order - Page 11**

undisputed that Petitioner has some underlying injuries that cause her pain, but doctors have been unable to determine the exact cause of Petitioner's headaches.  If the ALJ chose to discredit Petitioner's testimony regarding the severity of her headaches, that question is better addressed in the next section.

Several times in the ALJ's decision, Petitioner's headaches and pain relating to her headaches were mentioned and addressed.  (AR 21-23.)  While the ALJ did not go into great detail describing the pain and limitations associated with Petitioner's headaches, it is clear that Petitioner's complaints of headaches were not ignored.  In addition, the ALJ posed a second hypothetical question to the vocational expert taking into consideration the many limitations Petitioner testified were a result of her severe headaches.  (AR 550-51.)  As mentioned previously, whether Petitioner's testimony regarding her pain was rejected or not is a separate issue.  This issue is whether Petitioner's headaches were ignored in the ALJ's decision, not whether the ALJ was correct in rejecting Petitioner's testimony regarding the disabling pain that resulted from these headaches.  The fact that the ALJ did not list headaches as a severe impairment is not a fatal error because the headaches were addressed in the ALJ's evaluation. The Court finds that the ALJ did not ignore Petitioner's complaints concerning her headaches.

**B.      Failure to Provide Specific, Clear and Convincing Evidence for Rejecting Petitioner's Pain Testimony.**

Petitioner asserts that the ALJ failed to provide adequate justification for discrediting her testimony.  She argues that the ALJ failed to cite specific reasons for not accepting her testimony regarding the pain she was feeling and the resulting limitations.

Courts have consistently held that the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.  *See Meanel v. Apfel,*

172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); and *Saelee v. Chater,* 94 F.3d 520, 522 (9th Cir. 1996). A claimant may not rely upon mere allegations of pain to meet her burden of proof, but must substantiate such allegations with objective medical findings which could reasonably be expected to produce the alleged pain or other symptoms. *See* 42 U.S.C. §§ 423(d)(5)(A) and 1382c(3)(H). The effect of pain can be assessed within an individual's functional capacity and then an ALJ may evaluate the credibility of a claimant's statements about the pain. *Id.* Although a claimant may produce objective medical evidence of an underlying impairment, an ALJ may nonetheless reject the claimant's testimony about the severity of the pain if the ALJ can state specific, clear, and convincing reasons for doing so. *Smolen v. Chater,* 80 F.3d 1273, 1281-82 (9th Cir. 1996). An ALJ is not required to believe every allegation of disabling pain because it would be contrary to 42 U.S.C. § 423(d)(5)(A), and while many medical conditions produce pain it is not always severe enough to preclude gainful employment. *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989). Additionally, the Court must affirm the ALJ's decision where the evidence reasonably supports either confirming or reversing it. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2003).

If there is substantial evidence in the record to support the ALJ's credibility finding, the Court will not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 957, 959 (9th Cir. 2002). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

In addition to medical evidence, an ALJ may rely upon other techniques to evaluate

credibility.  As the Ninth Circuit stated, "In determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony."  *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).  The ALJ may consider:  an individual's daily activities; location, duration and frequency of symptoms; factors that precipitate and aggravate those symptoms; amount and side effects of medications; and treatment measures taken by claimant to alleviate those symptoms. *See* Soc. Sec. Ruling 96-7p.

In this case, the ALJ declared that he did not find Petitioner's symptoms as disabling as alleged.  (AR 23.)  The ALJ determined that the medical evidence and the majority of doctors' evaluations did not support her allegations of pain to the degree alleged.  The ALJ gave several clear and convincing reasons for not believing the severity of pain alleged by Petitioner.

The ALJ cited reports in the record from examining doctors who concluded that Petitioner's complaints of pain were exaggerated.  In May 2001, neurologist Dr. Ball stated that Petitioner had spontaneous body movement when giving forth her history and talking with the examiner, but on direct exam she voluntarily limited the motion of her neck.  (AR 22.)  Dr. Ball also reported that Petitioner displayed excessive pain behavior with only very light touching. (AR 22.)  Another examining physician, Dr. Michael Sant, also reported that Petitioner exhibited excessive amplification of pain symptoms and "exquisite tenderness to even light touching." (AR 22.)  These doctors were unable to determine from the medical evidence the cause of Petitioner's severe headaches.  In addition, other reports exist in the record that state Petitioner's pain symptoms were amplified.  (AR 226, 242.)

Petitioner argues that there is no evidence of malingering and that the reports from her

**Memorandum Decision and Order - Page 14**

treating nurse, Ms. Faith, were essentially ignored.  The Court does not agree, the medical records submitted by Ms. Faith establish that Petitioner has continued to seek treatment for pain associated with headaches and neck pain.  While the records suggest a possible cause for the headaches, the records do not establish objective medical evidence that would demonstrate severe headaches to the extent alleged.  The ALJ did not dispute that Petitioner has headaches, but the ALJ's decision determined that Petitioner was amplifying her pain symptoms based upon the conflicts between her testimony and the examining physicians opinions cited above.   The evidence cited above goes directly to the issue of malingering, the ALJ cited to evidence in the record to show that Petitioner demonstrated malingering by amplifying her pain symptoms.

The ALJ also referenced several instances in the record where Petitioner's drug use was called into question as evidence that her testimony was not fully credible.  (AR 21-23.) Comments regarding Petitioner's drug use arise in the record, both from treating and examining doctors.  Thus, it is proper for the ALJ to also consider Petitioner's drug use as a factor in determining her credibility.

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.  It is the Court's responsibility to determine if these clear and convincing reasons are supported in the record by substantial evidence.  As stated previously, the Court must affirm the ALJ's decision where the evidence reasonably supports either confirming or reversing it.  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2003).

The ALJ's specific references to doctors' reports are cited correctly and supported in the record.  There is substantial evidence in the record to support the ALJ's conclusion that

Petitioner was displaying excessive pain behavior.  It is not the role of this Court to second guess the ALJ's decision, but rather to ensure that it is based upon sufficient evidence.  The Court finds that the ALJ gave clear and convincing reasons for rejecting Petitioner's testimony regarding the degree of pain her headaches caused, and that this evidence is substantially supported in the record.

C.      **The case should be remanded due to the later conflicting decision by the Commissioner awarding Petitioner Supplemental Security Income ("SSI").**

Petitioner argues that this case should be remanded due to Petitioner subsequently being entitled to SSI by way of a letter dated May 25, 2004.  Petitioner argues that her case should be remanded to resolve the conflict between the award of SSI and the denial of Social Security Disability Benefits ("SSDIB").

The Court does not agree with Petitioner because the award of SSI came after the time period under review.  Petitioner's onset date of disability under review was March 10, 2000 and the Commissioner's final decision was issued on June 13, 2003.  The application date for the SSI benefits was filed on July 9, 2003, clearly after the hearing before the ALJ and the final decision of the Commissioner.  As Respondent points out, this award could be based upon a worsening condition, new impairment, or traumatic injury.  The Court is reviewing the ALJ's decision to ensure that it is based upon substantial evidence and not the product of legal error, neither the Court nor the ALJ has been able to review the reasons for the award of SSI.  This award occurred after the period under review and does not affect the ALJ's determination.

**Memorandum Decision and Order - Page 16**

## VI.
## Conclusion

Based on its review of the entire record, the Court finds that the Commissioner's decision is supported by substantial evidence and is not the product of legal error. Therefore, the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act will be affirmed.

### <u>ORDER</u>

Based upon the foregoing, the Court being otherwise fully advised in the premises, **it is hereby ORDERED that** the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act be **AFFIRMED** and that the petition for review be **DISMISSED**.



DATED: March 28, 2007

_____
Honorable Mikel H. Williams
United States Magistrate Judge